UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS -EASTERN DIVISION

Daisy Alvarado,

    Plaintiff,

v.

WALMART INC &
WALMART ASSOCIATES INC

    Defendants.

Case Number:

## COMPLAINT

NOW COMES the Plaintiff, Daisy Alvarado, by and through her attorneys, THE LAW OFFICES OF McCREADY, GARCIA & LEET, P.C., and in her complaint against the Defendant, Walmart Inc. & Walmart Associates, states as follows:

## PARTIES

1. Plaintiff, Daisy Alvarado ("Plaintiff") was at all times relevant to this Complaint a citizen of St. Charles, Illinois.

2. Defendant Walmart Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

3. Defendant Walmart Associates Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

## JURISDICTION & VENUE

1. The amount requested by the Plaintiff exceeds $75,000.00.

2. Jurisdiction of this Court is provided by 28 U.S.C. § 1332, due to the diversity of citizenship of the Plaintiff and Defendants and the amount in controversy exceeding over $75,000.00.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(a), because

Plaintiff resides in the District, Defendants conduct business in the District, and all events giving rise to Plaintiff's claims occurred within this District.

## COUNT I -Alvarado vs. Walmart Inc-Negligence

1. On or about July 4, 2019, Plaintiff was lawfully on the premises of Defendant Walmart Inc.'s property located at 2900 Kirk Road, in Aurora, Illinois.

2. At all times relevant to this Complaint, Defendant Walmart Inc. owned/maintained/ and/or operated the above property.

3. Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

4. At all times pertinent, Plaintiff was injured when she slipped on a puddle of liquid on Defendant's premises.

5. At all times pertinent, it was the duty of the Defendant Walmart Inc. to maintain its premises in a reasonably safe condition.

6. Defendant breached this duty and was negligent in one or more of the following ways:

a. Allowed the floor in the walkway to remain in an unsafe condition when they knew or should have known that liquid was present which created a hazardous condition for all individuals lawfully in the area;

b. Failed to maintain premise in a reasonably safe condition;

c. Failed to adequately inspect the premises to ensure that it was safe for the Plaintiff;

d. Failed to remove liquid from the floor to provide a safe place for business invitees;

e. Failed to barricade the slippery substance to prevent Plain tiff from walking

through it;

f. Failed to instruct employees/agents to properly remove liquid from the floor of the above premises;

g. Was otherwise careless and/or negligent.

7. As a result of the negligence of Defendant, Plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Daisy Alvarado, prays for damages in an amount greater than $75,000.00 as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

### COUNT II-Alvarado vs. Walmart Associates Inc-Negligence

1. On or about October 24, 2017, Plaintiff was lawfully on the premises of Defendant Walmart Associate Inc's property located at 2900 Kirk Road in Aurora, Illinois as a business invitee.

2. At all times relevant to this Complaint., Defendant Walmart Associates Inc owned/maintained/ and/or operated the above property.

3. Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

4. At all times pertinent, Plaintiff was injured when she slipped on a puddle of liquid on Defendant's premises.

5. At all times pertinent, it was the duty of the Defendant Walmart Associates Inc to maintain its premise in a reasonably safe condition.

6. Defendant breached this duty and was negligent in one or more of the following ways:

a. Allowed the floor in the walkway to remain in an unsafe condition when they

knew or should have known that liquid was present which created a hazardous condition for all individuals lawfully in the area;

b. Failed to maintain premise in a reasonably safe condition;

c. Failed to adequately inspect the premises to ensure that it was safe for the Plaintiff;

d. Failed to remove liquid from the floor to provide a safe place for business invites;

e. Failed to barricade the slippery substance to prevent Plaintiff from walking through it;

f. Failed to instruct employees/agents to properly removed liquid from the floor of the above premises;

g. Was otherwise careless and/or negligent.

7. As a result of the negligence of Defendant, Plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, Daisy Alvarado, prays for damages in an amount greater than $75,000.00 as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

                              Daisy Alvarado

By: *Michael P. McCready*
                              Michael P. McCready
                              *Counsel for Plaintiff*

McCready, Garcia & Leet, P.C.
111 W. Washington Street, Ste. 1760
Chicago, IL 60602
t: (773) 779-9885
f: (855) 959-2465
Service@McCreadyLaw.com